NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STATE OF MISSISSIPPI, EX REL. LYNN FITCH, ET AL.**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1376

---

Appeal from the United States Court of Federal Claims in Nos. 1:19-cv-00231-EDK, 1:19-cv-00258-EDK, 1:19-cv-01812-EDK, 1:19-cv-01968-EDK, 1:20-cv-00030-EDK, 1:21-cv-00820-EDK, 1:23-cv-01729-EDK, Judge Elaine Kaplan.

---

Decided:  June 9, 2026

---

ROBERT J. CYNKAR, McSweeney Cynkar & Kachouroff PLLC, Oakton, VA, argued for plaintiffs-appellants.  Also represented by JOHN W. BARRETT, Barrett Law Group, PA, Lexington, MS; MARK DUBESTER, JENNIFER E. KELLY, CHARLES LADUCA, Cuneo Gilbert & LaDuca, LLP, Washington, DC.

TRICIA BEALE, Mississippi Attorney General's Office, Biloxi, MS, for plaintiffs-appellants State of Mississippi, Claiborne County School District, Natchez-Adams School District, Wilkinson County School District. Also represented by LAKEN HANNA RYALS, Jackson, MS.

JOHN LUTHER SMELTZER, Appellate Section, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by ADAM R.F. GUSTAFSON.

_____

Before MOORE, *Chief Judge*, STOLL and STARK, *Circuit Judges*.

STOLL, *Circuit Judge*.

Nine bellwether plaintiffs, including the State of Mississippi, appeal the decision of the Court of Federal Claims dismissing their complaints for a taking of a permanent flowage easement on their properties via the Government's operation of the Old River Control Complex on the Mississippi River.[1] The State of Mississippi also appeals certain discovery decisions by the Court of Federal Claims denying motions to compel discovery based on the deliberative

_____

[1]   The bellwether plaintiffs are (1) Heirs of Andrew Jackson Estate; (2) Davis Island Land Company; (3) Geronimo Hardwood Timber, LLC and Robert W. Manning, III; (4) State of Mississippi/Adams County School District; (5) State of Mississippi/Claiborne County School District; (6) State of Mississippi/Wilkinson County School District; (7) Oakwood Plantation; (8) Dorothy Wallace Woodside, George J. Woodside, III, Henry Wallace Woodside, and Chaille Marie Mount; and (9) J. Kelley Williams, Sr., and the James Kelley Williams Revocable Trust UAD 1991 (collectively, the "State of Mississippi").

process privilege. For the reasons discussed below, we vacate and remand the Court of Federal Claims' dismissal of the State of Mississippi's complaint and affirm the Court of Federal Claims' discovery decisions.

## I

In 2019, the State of Mississippi filed suit alleging a taking of its property by means of a flowage easement created by the design, construction, and operation of the Old River Control Complex, which the Army Corps of Engineers started to build in the 1950s to maintain the distribution of water flow and sediment between the Mississippi River and Atchafalaya River. Discovery commenced on both liability and compensation. During discovery, the Government asserted deliberative process privilege and withheld or redacted certain emails and documents, which the State of Mississippi moved to compel the production of. The Court of Federal Claims ultimately denied the State of Mississippi's motions to compel certain documents over a series of orders.

After the completion of discovery, the State of Mississippi moved for partial summary judgment on the Government's affirmative navigational servitude and relative benefits defenses, and the Government cross-moved for summary judgment based on either statute of limitations or no causation. The Court of Federal Claims held a hearing on only the Government's motion for summary judgment based on statute of limitations.

Without notice to the parties, the Court of Federal Claims subsequently issued an order that converted the Government's motion for summary judgment on statute of limitations into a motion to dismiss for lack of subject matter jurisdiction under Court of Federal Claims Rule 12(b)(1). *See* J.A. 21–22. After weighing the various facts relevant to the statute of limitations, the Court of Federal Claims dismissed the State of Mississippi's takings claims because "the permanent nature of the alleged taking

was evident—and thus, the six-year limitations period began to run—well before February 2013.  As a result, the timeframe for filing suit under the Tucker Act[] . . . had already expired by the time [the State of Mississippi] filed the lead case" in this action in February 2019.  J.A. 24.

The State of Mississippi appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

On appeal, the State of Mississippi first challenges the Court of Federal Claims' dismissal of its complaint based on procedural error, arguing that it was improper for the trial court to convert the Government's motion for summary judgment into a motion to dismiss without providing notice to the parties.  We agree.

We review the Court of Federal Claims' dismissal of a complaint for lack of subject matter jurisdiction de novo. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016).  The Rules of the Court of Federal Claims are silent on converting a motion for summary judgment into a motion to dismiss.  The rules neither sanction doing so nor specify any procedures that should be followed.  The rules do, however, create a specific procedure for when a court converts certain types of motions to dismiss into a motion for summary judgment and require the court to provide notice and an opportunity to respond:

> If, on a motion under RCFC 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under RCFC 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

RCFC 12(d).[2]  Failure to give notice and an opportunity to respond raises "due process and fairness concerns." *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1060 (9th Cir. 2023).  Accordingly, our sister circuits have held that "a district court generally must provide the parties with adequate notice that it is contemplating invoking a particular procedural device sua sponte." *Id.*

Here, it is undisputed that the parties were not given notice that the Court of Federal Claims would convert the Government's motion for summary judgment into a motion to dismiss.  *See* Oral Arg. at 14:28–15:22, https://www.cafc.uscourts.gov/oral-arguments/25-1376_05 062026.mp3.  Nor were they given an opportunity to present material that might be pertinent to a motion to dismiss under Rule 12(b)(1).  In this case, that meant that the State of Mississippi had no notice that it needed to argue that the statute of limitations had not been met under the standard of Rule 12(b)(1)—which would allow the trial court to draw inferences and weigh facts against the State of Mississippi as the non-movant—instead of under the summary judgment standard—which would allow the State of Mississippi to prevail on the motion by merely showing there was a genuine issue of material fact with all inferences drawn in its favor.  Such a difference in the legal standard is not immaterial, and this prejudiced the State of Mississippi.

The Court of Federal Claims' sua sponte conversion of the Government's summary judgment motion into a motion to dismiss under Rule 12(b)(1) in this case required notice

---

[2]    Rules 12 and 56 of the Rules of the Court of Federal Claims are substantively similar to Rules 12 and 56 of the Federal Rules of Civil Procedure.  *See Adair v. United States*, 497 F.3d 1244, 1249 n.1 (Fed. Cir. 2007); *Simanski v. Sec'y of Health & Hum. Servs.*, 671 F.3d 1368, 1379 (Fed. Cir. 2012).

to the parties and the opportunity to respond. We therefore vacate the Court of Federal Claims' dismissal of the State of Mississippi's complaint for lack of subject matter jurisdiction and remand to the trial court for further proceedings consistent with this opinion, which may or may not include a trial.[3]

## III

We now turn to the State of Mississippi's challenges to various discovery orders. The State of Mississippi argues the Court of Federal Claims abused its discretion by providing no support for either (1) its framework for analyzing the deliberative process privilege; or (2) its factual conclusions. We are not persuaded.

We review the Court of Federal Claims' discovery decisions for an abuse of discretion. *Adkins v. United States*, 856 F.3d 914, 916 n.2 (Fed. Cir. 2017) ("[T]he disposition of a [m]otion to [c]ompel is a matter 'committed to the discretion of the trial court.'" (quoting *Florsheim Shoe Co. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984))). The Court of Federal Claims "abuses its discretion when (1) its decision is clearly unreasonable, arbitrary or fanciful; (2) the decision is based upon an erroneous construction of the law; (3) its factual findings are clearly erroneous; or (4) the record contains no evidence upon which the trial court could have rationally based its decision." *Shell Oil Co. v. United States*, 896 F.3d 1299, 1307 (Fed. Cir. 2018) (cleaned up) (citation omitted).

Here, the State of Mississippi first and foremost challenges an order that did not deny the compulsion of documents. Instead, the Court of Federal Claims' July 2022

---

[3]    We do not hold that a trial court may never properly convert a summary judgment motion to a Rule 12 motion to dismiss, provided adequate notice and an opportunity to be heard is given.

order merely instructed the Government to update its privilege log and set up the framework the trial court would use for addressing privilege claims.  *See* J.A. 1–2.  We see no error in this framework.  The State of Mississippi faults the Court of Federal Claims for "permitt[ing] [the Government] to withhold information" and for not "weigh[ing] [the State of Mississippi's] evidentiary need for the materials against the harm that could result from disclosure."  Appellants' Br. 59–60.  But the Court of Federal Claims' July 2022 order did not rule on the request to compel any specific documents and recognized that any privilege asserted by the Government was conditional.  *See* J.A. 2 ("The deliberative process privilege is a qualified one that may be overcome by a showing of compelling need.").  And when actually considering disputed documents in other, later orders, the Court of Federal Claims did balance the State of Mississippi's need for the documents with the Government's assertion of privilege.  *See* J.A. 7–8.  In its opening appeal brief, the State of Mississippi did not address, let alone show error in, the Court of Federal Claims' rationale in these later orders:  denial of its motion due to its failure to make individualized arguments about the need for specific documents.  *See* J.A. 8 ("Crucially, [the State of Mississippi] ha[s] not engaged in any document-by-document analysis, nor ha[s] [it] attempted to show a particularized need for any specific document.  Courts cannot override the deliberative process privilege in the aggregate; parties must challenge documents individually and explain why their need for each document outweighs the [G]overnment's interest in maintaining its secrecy." (citation omitted)).

On the record before us, we see no "erroneous construction of the law" or "factual findings [that] are clearly erroneous" in the Court of Federal Claims' discovery orders, which were well within the trial court's discretion.

## IV

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we vacate and remand the Court of Federal Claims' dismissal of the bellwether plaintiffs' complaints and affirm the Court of Federal Claims' discovery decisions on the deliberative process privilege.

**AFFIRMED-IN-PART, VACATED-AND-REMANDED-IN-PART**

COSTS

Costs to Appellants.